IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNELLE M. JOHNSON, JR., | ) |
| | ) |
|     Petitioner, | ) |
| v. | )   Civil Action No. 17-429 |
| | ) |
| THOMAS McGINLEY, et al., | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM OPINION and ORDER

Lonnelle M. Johnson, Jr. (Petitioner) has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his judgment of sentence following his conviction for first-degree murder, aggravated assault, carrying a firearm without a license, and two counts of robbery in the Court of Common Pleas of Allegheny County at CP-02-CR-0011414-2009.  ECF No. 14.  The case was referred to Magistrate Judge Cynthia Reed Eddy in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.  Magistrate Judge Eddy issued a Report and Recommendation, ECF No. 31, filed May 5, 2021, recommending that the Amended Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.  Petitioner sought, and was granted, extensions of time to file Objections.  Petitioner timely filed Objections September 17, 2021.  ECF No. 38. .  Petitioner raised twelve claims in his Amended Petition.  He objects only to the recommendation to dismiss Claim Six.  As explained below, the Court finds that Petitioner's Objection does not undermine the recommendation of the Magistrate Judge.

### Discussion

The factual background and procedural background of this case is presented at length in the Magistrate Judge's Report and will not be repeated here.  ECF No. 31, at 2-7.  The

Magistrate Judge recommended that Claim Six be denied under the deferential Antiterrorism and Effective Death Penalty Act [1] standard of review, finding that Petitioner had not met his burden to demonstrate that the Superior Court's disposition of the ineffective assistance of counsel claim was unreasonable.  ECF No. 31, at 11-12.

## Claim Six

In Claim Six, which was raised in Mr. Johnson's first Post-Conviction Relief Act (PCRA) Petition, he asserted that his counsel was ineffective for failing to investigate and present Andrew Davis as a witness at trial.  As noted by the Magistrate Judge, the PCRA Court, in its Memorandum Opinion filed 8/11/2015, denied Claim Six on the merits, which was then affirmed by the Superior Court of Pennsylvania.  The PCRA Court determined that Mr. Johnson failed to demonstrate that he was prejudiced by trial counsel's alleged ineffectiveness as Andrew Davis would not have offered any exculpatory testimony.  Moreover, the PCRA Court pointed out that trial counsel did interview Andrew Davis and completed a report, which Mr. Johnson had attached to his pleadings.  The investigative report demonstrated that Andrew Davis stated that he could not identify any of the three individuals on the scene when the victim was shot. The investigative report specifically reported that, "Andrew Davis stated that he could not positively identify the black male that shot into the gray vehicle, and or the other two black males standing by the vehicle."  ECF No. 20-2, at 56.  The report indicated that Andrew Davis's statement was the same statement he gave the Police.  Id.  The Superior Court agreed with the PCRA Court's analysis and concluded that Mr. Johnson was not entitled to relief on this claim.

In his Objection, Mr. Johnson is now focusing on statements in the defense investigator's report, and in the police report, that he argues show that Andrew Davis could have testified,

---

[1] AEDPA, 28 U.S.C. 2254(d).

consistent with the defense's trial strategy, that whoever pulled the trigger *shot into* the vehicle. The Superior Court was aware of Andrew Davis's statements and possessed all other necessary evidence (such as evidence supporting the defense trial strategy) to conclude that Andre Davis would not have offered any exculpatory testimony.[2]  The Superior Court's application of Strickland v. Washington, 466 U.S. 668 (1984) to Mr. Johnson's claim that, his counsel was ineffective for failing to investigate and present Andrew Davis as a witness, was not objectively unreasonable.  Thus, the Magistrate Judge correctly concluded that the Superior Court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." ECF No. 31, at 28 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).  Accordingly, Petitioner's Objection is overruled.

## ORDER

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 4th day of November 2021,

IT IS HEREBY ORDERED that Petitioner's Objection to the by Magistrate Judge's Report and Recommendation regarding Claim Six of his Amended Petition for Writ of Habeas Corpus is overruled.

---

[2] Assuming that Andrew Davis would have testified as Mr. Johnson contends, such testimony would have been cumulative of the physical evidence presented to the jury in support of the defense's strategy, which Mr. Johnson summarizes in his Objections.  See ECF No. 38, at 16-17.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 31, filed on May 5, 2021, by Magistrate Judge Eddy, is adopted as the Opinion of the Court as supplemented by this Memorandum Opinion. A certificate of appealability is DENIED, as jurists of reason would not disagree with the analysis of the Report.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Petitioner desires to appeal from this Order he must do so within thirty days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

Marilyn J. Horan
United States District Court Judge

cc:   Lonnelle M. Johnson, Jr., pro se
      JR-8828
      SCI Coal Township
      One Kelley Drive
      Coal Township, PA 17866-1020
      (via U.S. First Class Mail)